COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  B.B.C. and R.D.W. v. Texas Department of Family and Protective Services

Appellate case number:  01-18-00311-CV

Trial court case number:  2017-02559J

Trial court:  314th District Court of Harris County

On May 8, 2018, the Court granted the motion to dismiss appeal filed by appellants, B.B.C. and R.D.W. The Court's judgment also issued May 8, 2018. Appellants filed a motion for rehearing and motion for en banc reconsideration of the Court's May 8, 2018 opinion, both of which were dismissed as moot on August 18, 2018.

Intermediate appellate courts, such as this Court, retain plenary power over an appeal for a period of: (1) sixty days after its judgment is entered if no timely filed motion for rehearing or motion for en banc reconsideration is filed, or (2) thirty days after the appellate court overrules all timely filed motions for rehearing or motions for en banc reconsideration. *See* TEX. R. APP. P. 19.1. Generally, once an intermediate appellate court's plenary power expires, it lacks jurisdiction to take any action in an appeal. *See Nunu v. Risk*, 612 S.W.3d 645, 655 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (dismissing appeal for lack of jurisdiction where plenary power of intermediate appellate court expired).

Once an intermediate appellate court's plenary power expires, the appellate court's jurisdiction is limited to only those actions as prescribed in rule 19.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 19.3. As noted above, the Court issued the judgment in this appeal on May 8, 2018 and appellants' motion for rehearing and motion for en banc reconsideration were dismissed as moot by the Court on August 18, 2018. Accordingly, the Court's plenary power over this appeal expired on September 17, 2018. *See* TEX. R. APP. P. 19.1(b).

On February 25, 2022, B.B.C. and R.D.W. jointly presented to the Court "Motions to Recall Mandates" in this appellate cause number, as well as appellate cause number 01-18-00485-CV.

As analyzed above, and as appellants were advised in our April 9, 2019 order on their motions for stay and recall of mandates, this Court's plenary power expired on September 17, 2018. After the Court's plenary power expires, this Court has no jurisdiction to take any action on a case unless expressly authorized by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 19.3(a)-(d). Notably, none of the permitted post-plenary power bases set forth in rule 19.3 apply here.

Absent plenary power, appellants' motion must be **dismissed for lack of jurisdiction**.

It is so ORDERED.


Judge's signature: _____/s/ Amparo Guerra_____
           ☑ Acting individually    ☐ Acting for the Court

Date: ___March 3, 2022____